UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN E. KILLION,<br><br>    Petitioner,<br><br>v.<br><br>RAYMOND ROYCE, et al.,<br><br>    Respondents. | Civil Action No. 21-12876 (RBK)<br><br>**OPINION AND ORDER** |

KUGLER, United States District Judge:

This matter comes before the Court by way of Petitioner's Amended Petition for Writ of Habeas Corpus (hereinafter "Petition") pursuant to 28 U.S.C. § 2254. (ECF No. 4.) The Court has reviewed the Petition and concludes that Petitioner has failed to exhaust some of his claims in state court.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") prohibits district courts from granting habeas relief under § 2254 unless the petitioner has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). In order to exhaust state remedies, a petitioner must "'fairly present' all federal claims to the highest state court before bringing them in federal court." *Stevens v. Delaware Corr. Ctr.*, 295 F.3d 361, 369 (3d Cir. 2002) (quoting *Whitney v. Horn*, 280 F.3d 240, 250 (3d Cir. 2002)).

A petitioner fails to exhaust if he "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Stevens*, 295 F.3d at 369. As explained in *Rhines v. Weber*, 544 U.S. 269, 273 (2005), district courts may not adjudicate mixed petitions. Stated differently, "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

With those principles in mind, Petitioner concedes that he has not presented Ground Twelve to the state courts because "Petitioner just learned of the error." (ECF No. 4, at 25.) Petitioner states that he is pursuing or will pursue a second PCR petition regarding Ground Twelve. (*Id*.) Additionally, it appears that Petitioner has not presented Ground Eight to all three levels of the state courts. Ground Eight alleges that PCR counsel was ineffective for various reasons, but Petitioner did not raise the issue through a separate PCR petition. (*Id*. at 19.) Accordingly, the Petition is a mixed petition containing both exhausted and unexhausted claims.

Federal district courts may not adjudicate mixed petitions, and instead have four options: "(1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. 2254(b)(2)." *Barr v. Warden of N.J. State Prison*, No. 15-5797, 2016 WL 589675, at *4 (D.N.J. Feb. 11, 2016); *see also Mahoney v. Bostel*, 366 F. App'x 368, 371 (3d Cir. 2010).

The Court recognizes that if it were to dismiss the Petition without prejudice, there is a chance that the state courts could dismiss any additional state PCR petition as untimely. *See* N.J. Ct. R. 3:22-12(a)(2) (explaining the time limitations for second or subsequent PCR petitions). Additionally, if that new PCR petition is untimely, it would not toll the AEDPA statute of limitations. *Morris v. Horn*, 187 F.3d 333, 338 (3d Cir. 1999). Nor did the instant Petition toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181–82 (2001).

For these reasons, the Court shall provide Petitioner with an opportunity to file a motion to stay these proceedings *or* a letter stating that he wishes to dismiss his unexhausted claims and proceed only on his exhausted claims. *Britton v. Lanigan*, No. 17-3701, 2019 WL 928415, at *1

(D.N.J. Feb. 26, 2019).  If Petitioner fails to file any such motion or letter, the Court may dismiss the Petition as a mixed petition. *Rose*, 455 U.S. at 522.  Accordingly,

IT IS on this 14th day of September 2021,

**ORDERED** that within forty-five (45) days from the date of this Order, Petitioner shall file:

(a) A written submission stating that he wants to dismiss his unexhausted claims and proceed with the remainder of his § 2254 Petition as filed;

**OR**

(b) A motion to stay the *entire* Petition, so he can pursue the new claims in state court. To merit such a stay, he must establish in his submission: (i) that he has good cause for his failure to raise the additional claims before; (ii) that the additional claims have factual and legal merit; and (iii) that he is not engaging in intentional dilatory litigation tactics.

If Petitioner seeks a stay under option (b), but the Court denies that motion, the Court will assume that he wishes to choose option (a) as his back-up option, unless he states otherwise; and it is further

**ORDERED** that if Petitioner files no submission within forty-five (45) days, the Court may dismiss the Petition without prejudice as a mixed petition; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum Order upon Petitioner by regular U.S. mail.

    /s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge